UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-62284-BLOOM/Valle**

KENNETH KODISH,

    Plaintiff/Counter Defendant,

v.

SHEEHYUNG SUNG, *et al.*,

    Defendants/Counter Plaintiffs,

_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. Plaintiff/Counter Defendant Kenneth Kodish ("Plaintiff") filed a Notice of Removal, ECF No. [1] ("Notice"), on November 4, 2021. The Notice was filed pursuant to 28 U.S.C. §§ 1441, 1446, seeking removal, pursuant to 28 U.S.C. § 1331, of an action filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida entitled *Kenneth Kodish vs. Sheehyung Sung, et al.*, Case No. CACE-21-019550 ("Circuit Court Action"). The Court has carefully reviewed the Notice, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, this action is remanded to the Seventeenth Judicial Circuit in and for Broward County, Florida.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S.

(4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time."). When performing this inquiry, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) (citing *Burns v Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants* to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). "A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014).

Plaintiff maintains that he has the authority to remove this action because he is a counter-defendant to this action by virtue of an order entered in the Circuit Court Action consolidating the Circuit Court Action with another action filed by Defendant U.S. Melon, LLC. ECF No. [1] ¶¶ 3-4. Additionally, while not specifically identified, it appears that Plaintiff is asserting that removal is proper under 28 U.S.C. § 1331 because *his own* Amended Complaint filed on November 4, 2021 asserts a claim under federal law. *Id.* ¶¶ 5-8. Upon review of the record, while there are several procedural defects with the Notice, the Court finds that removal is improper for the independent reason that Plaintiff is not a "defendant" to this action within the meaning of 28 U.S.C. § 1441(a).

Case No. 21-cv-62284-BLOOM/Valle

Indeed, it is well settled that a counter-defendant cannot remove an action under 28 U.S.C. § 1441(a), as the plain language of the statute only authorizes removal "by the defendant or the defendants." 28 U.S.C. § 1441(a); *see also Fed. Nat. Mortg. Ass'n v. Morris*, 118 F. Supp. 3d 1288, 1294 (N.D. Ala. 2015) ("[I]t is long established that the term 'defendant' in § 1441(a) does not encompass a plaintiff who files in state court and is later named in that action as a counter-defendant, *i.e.*, a defendant to a counterclaim raised by an original defendant." (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *FDIC v. S & I 85–1, Ltd.*, 22 F.3d 1070, 1072 (11th Cir. 1994))); *Seminole Cnty. v. Pinter Enterprises, Inc.*, 184 F. Supp. 2d 1203, 1207 (M.D. Fla. 2000) ("Case law interpreting the removal statute clearly states that plaintiff/counter-defendants are not automatically permitted to act as defendants for purposes of utilizing the removal statute." (collecting cases)). Therefore, Plaintiff has failed to carry his burden of demonstrating a right to remove. *See Coffey*, 994 F. Supp. 2d at 1283. As such, this case must be remanded.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida for further proceedings.
2. All pending motions are **DENIED** as moot.
3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 5, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record